UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. HUNTER, aka SHEIK AARON HUNTER-EL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CAPTAIN ZODWIN,<br><br>　　　　　Respondent. | NO. CV 13-6012-ODW (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

　　　On August 15, 2013, Petitioner, who is incarcerated at Victorville-FCI, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner was convicted in the Western District of Wisconsin in 2004 and 2006.  (Petition at 2.)  The petition form asks what the "petition concerns."  Petitioner checked the "Other" box and wrote "Holy Writ."  *Id.*

　　　Petitioner lists two grounds.  The first is "Holy Innocent (He who has no sin shall cast the first stone)."  Under supporting facts, Petitioner states, "I Bear Witness there is no god but Allah, and Noble Drew Ali is his Holy Prophet! (See attached 'Compurgation' marked OUR AUTHORITY on the back cover;[1] at the mouth of two or three witnesses a matter is established)  All controversey [sic] is terminated (Hebrews 6:16)."  (*Id.* at 3.)

---

　　[1]  There is no attachment called "Compurgation."

The second ground is "Absolute Pardon- Absolution by Holy Writ (Congress shall make no law prohibiting the free exercise of religion)." In supporting facts, Petitioner states "'Acquittance' marked OUR AUTHORITY,[2] an absolute pardon and receipt from the Constitutionally-recognized executive body and Supreme pardoning authority of the Moorish Science Temple of America." (*Id.*)

The attachments to the petition relate to the Moorish Science Temple of America.

A prisoner in the custody of the United States is entitled to a writ of habeas corpus if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules also apply to habeas corpus petitions brought pursuant to § 2241. *See* Rule 1(b).

Summary dismissal is appropriate here because the petition is not cognizable under habeas and is frivolous. *See Mayle v. Felix*, 545 U.S. 644, 669-70, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) ("the purpose of the heightened pleading standard in habeas cases is to help a district court weed out frivolous petitions before calling upon the State to answer"); *Blackledge v. Allison*, 431 U.S. 63, 76, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977) (summary dismissal is appropriate when the allegations are 'patently frivolous or false'") (citation omitted); *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)

---

[2] There is no attachment called "Acquittance."

1 ("Summary dismissal is appropriate . . . where the allegations in the petition are
2 'palpably incredible'") (citation omitted).
3     IT IS HEREBY ORDERED that Judgment be entered summarily dismissing
4 the petition and action.

7 DATED: August 22, 2013

OTIS D. WRIGHT II
United States District Judge

3